IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


THIRD DEGREE FILMS, INC.,

    Plaintiff,

v.                                 CASE NO. 4:12cv498-RH/CAS

JOHN DOES 1 – 63,

    Defendants.

_____/


**ORDER DENYING THE MOTIONS TO QUASH
OR FOR A PROTECTIVE ORDER, REQUIRING
THE PLAINTIFF TO ELECT A SINGLE DEFENDANT
AGAINST WHOM THE CASE WILL GO FORWARD,
<u>AND SETTING A DEADLINE FOR SERVING PROCESS</u>**

      This is an action for copyright infringement against 63 John Doe defendants. The complaint alleges that each defendant participated in the unlawful pirating of the plaintiff's copyrighted movie as part of a "swarm" using a peer-to-peer network and a "BitTorrent protocol."

      Six defendants have filed separate motions to quash the subpoenas served on their internet service providers, for a protective order, to sever the claims against the various defendants, or to dismiss. All challenge the plaintiff's right to go

forward.  But only one of the six motions asserts innocence.  *See* ECF No. 17.  One motion is accompanied by a paper that purports to be an affidavit, though it apparently is unsworn, saying the computer at issue does not now have peer-to-peer software installed; but the "affidavit" does not deny that the defendant downloaded the movie.  *See* ECF No. 24, 24-1.  One motion, ECF No.22, demands an award of attorney's fees, though without asserting innocence; the motion suggests no grounds on which an actual infringer could recover fees just for being sued for infringement.

Many courts have addressed motions like these in cases like this.  Results vary.  The better view is that these motions are unfounded in all respects but one.

Although Federal Rule of Civil Procedure 20 would allow joinder of all these defendants in a single action, managing such a combined case would impose an enormous—and unnecessary—burden.  The better course is to allow the case to go forward only against a single defendant.  The basis for this ruling is persuasively set out in *Malibu Media, LLC v. John Does 1–28*, Case No. 8:12–cv–1667–JDW–MAP (M.D. Fla. Dec. 6, 2012) (unpublished).  A copy of that decision is attached to this order.  Federal Rule of Civil Procedure 21 allows a court to drop claims or parties in circumstances like these.  *See, e.g., Estate of Amergi ex rel. Amergi v. Palestinian Authority*, 611 F.3d 1350, 1367 (11th Cir. 2010) (upholding

the district court's severance decision in a case that had "become something of a nightmare").

No purpose would be served by listing in this order each of these defendants' other arguments and the reasons for rejecting them. Among the many authorities supporting this result are *Malibu Media* and *AF Holdings LLC v. Does 1–1,058*, 286 F.R.D. 39 (D.D.C. 2012). The bottom line is this: the plaintiff has adequately alleged a claim for copyright infringement and has brought the case in the appropriate forum. The plaintiff has not proven that any specific defendant is liable for the infringement, but proof at the outset is not required. Some of the defendants say venue is improper, but they do not deny that they reside in Florida and thus can be found here, nor do they deny that a substantial part of the events at issue—indeed, *the* most substantial part of the events at issue—occurred here.

For these reasons,

IT IS ORDERED:

1. The motions to quash or for a protective order, ECF Nos. 11, 14, 16, 17, and 24, are DENIED.

2. The motions to dismiss, ECF Nos. 11, 16, 17, and 22, are GRANTED IN PART and DENIED IN PART. The plaintiff must file by February 19, 2013, an election of the single defendant against whom the case will proceed. The claims against all other defendants will be dismissed without prejudice.

3.  The deadline for serving process is extended to March 19, 2013.

SO ORDERED on January 26, 2013.

s/Robert L. Hinkle  
United States District Judge
